UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | No. C-10-0077 EMC |
| Plaintiff, | |
| v. | **FURTHER ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| RICHARD BARNETT, *et al.*, | **(Docket No. 25)** |
| Defendants. _____/ | |

On September, 9, 2010, the Court entered an order denying Plaintiff's motion for judgment on the pleadings or for summary judgement. Docket No. 51. At the last status conference, Plaintiff pointed out that the Court did not rule on one of its ground for the motion – the claim that the scope of the duty to defend, if any, did not include the duty to pay for services related to the defense of the instant declaratory relief action or otherwise attributable to the coverage dispute between Plaintiff and Defendant herein. Putting aside recovery for such expenses under the insured's bad faith claim, the issue presented is whether as a matter of coverage under the insurance policy, such expenses must be paid by Allstate. The matter was fully brief by Plaintiff in its motion. Plaintiff's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, Docket No. 25, pp. 17-19. In opposition, Defendant filed no response to this argument. Defendant's Memorandum of Points and Authorities in Opposition to the Motion for Judgement on the Pleadings, or in the Alternative, for Summary Judgment, Docket No. 30. This was noted in Plaintiff's reply brief, Docket No. 35, p. 9.

The Court now rules on that part of the motion not previously addressed in its earlier order. The Court grants the motion as to the scope of the duty to defend under the policy. First, it does so on the basis of Defendant's failure to oppose the motion. *Ndule v. Fremont-Rideout Health Group*, 2010 WL 2574130, at *12 (E.D. Cal. Jun. 25, 2010). Second, on the merits, Plaintiff's position is correct. Under California law, an insurer does not owe fees incurred by its insured in defending a declaratory judgement action on coverage. *See United Services Auto. Ass'n v. Dalrymple,* 232 Cal. App. 3d 182, 187 (1999) (holding that a court award of attorney's fees for insured's defense of a declaratory relief action would violate the American Rule). *See Scottsdale Ins. Co. v. Homestead Land Dev. Corp.,* 145 F.R.D. 523, 538 (1992) ("California courts generally appear to have concluded that an insured is not entitled to attorney's fees and costs stemming from a separate action seeking reimbursement from the carrier after tender of a defense was rejected"); *Carroll v. Hanover Ins. Co.,* 266 Cal. App. 2d 47, 51 (1968) (arguing that "[t]he attorney's fees demanded do not arise out of any breach of the policy by [the insurer], but were incurred in a separate action in which [the insurer] sought a declaration of its rights and duties").

Plaintiff owes no duty under the policy at issue to pay for expenses incurred by Defendant in defending the instant action for declaratory judgment or in prosecuting the coverage dispute between Allstate and Mr. Barnett. This ruling does not address the recoverability of expenses incurred in connection with coverage disputes under Defendant's bad faith claim.

IT IS SO ORDERED.

Dated: February 9, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

2