**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                        NORTHERN DISTRICT OF CALIFORNIA

7

8   ALLSTATE INSURANCE COMPANY,              No. C-10-0077 EMC

9            Plaintiff,

                                            **ORDER DENYING DEFENDANT'S**
10       v.                                  **MOTION TO STAY**

11  RICHARD BARNETT, *et al.*,                **(Docket No. 82)**

12            Defendants.

13  _____/

14

15

16        Defendant Richard Barnett has moved to stay the proceedings in this case pending

17  completion of the *Cumis* fee arbitration.  Plaintiff Allstate Insurance Co. has opposed the motion.

18  Having considered the parties' briefs and all other evidence of record, the Court hereby **DENIES** the

19  request for a stay.

20        Mr. Barnett's argument is, in essence, that a stay is required by *Truck Insurance Exchange v.*

21  *Superior Court*, 51 Cal. App. 4th 985 (1996).  The Court disagrees.  In *Truck Insurance*, the state

22  court simply held that a *Cumis* fee arbitration could take place before the coverage action was

23  resolved without any prejudice to the insurer -- *i.e.*, after the arbitration, the insurer could still

24  litigate the duties to defend and indemnify.  The court did not hold that the arbitration *must* take

25  place first.  Notably, the court stated only that "it would undermine the concept of reservation of

26  rights to *preclude* resolution of the issue [*i.e.*, a dispute between the insured and insurer over a

27  *Cumis* fee] until after the [coverage] action has been decided."  *Id.* at 998 (emphasis added).

28

United States District Court
For the Northern District of California

1        Because *Truck Insurance* does not require a stay, and because Mr. Barnett has not identified

2  any other basis to stay, his motion is denied.  The Court is not unsympathetic to Mr. Barnett's

3  assertion that he will suffer hardship if the arbitration is not completed first.  However, as a matter of

4  judicial efficiency, it makes little sense to stay the proceedings here pending completion of the

5  arbitration.  Resolution of the coverage issue here could actually moot out the arbitration, as Allstate

6  points out.  Moreover, there are no overlapping issues between the arbitration and the instant case

7  such that factual and/or legal issues might be narrowed if the arbitration were to proceed first.  *See*

8  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (concluding that "neither the balance

9  of hardships between the parties, nor the prospect of narrowing the factual and legal issues in the

10  other proceeding, justifies a stay").

11        This order disposes of Docket No. 82.

12

13        IT IS SO ORDERED.

14

15  Dated:  May 25, 2011

16                              _____

                                 EDWARD M. CHEN

17                               United States District Judge

18

19

20

21

22

23

24

25

26

27

28