UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     v.<br><br>RICHARD BARNETT, *et al.*,<br><br>          Defendants.<br>_____/ | No. C-10-0077 EMC<br><br>**ORDER GRANTING ALLSTATE'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART ALLSTATE'S MOTION TO STRIKE; AND GRANTING STOREY'S MOTION TO DISMISS**<br><br>**(Docket Nos. 100, 102)** |

Counterplaintiff Richard Barnett has filed a second amended counterclaim ("SACC"), asserting claims against Counterdefendants Allstate Insurance Company and Timothy As. Storey. Currently pending before the Court is (1) Allstate's motion to dismiss and strike and (2) Mr. Storey's motion to dismiss. Having considered the parties' briefs as well as the oral argument of counsel, the Court hereby **GRANTS** Allstate's motion to dismiss and **GRANTS** in part and **DENIES** in part its motion to strike. The Court further **GRANTS** Mr. Storey's motion to dismiss.

## I.     ALLSTATE'S MOTION TO DISMISS AND STRIKE

A.     Motion to Dismiss

Allstate asks the Court to dismiss two of the claims asserted against it in the SACC, namely, the claim for negligent misrepresentation and the claim for violation of California Business & Professions Code § 17200 claim. Allstate contends that dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(6).

1. <u>Legal Standard</u>

Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

2. <u>Negligent Misrepresentation</u>

The first claim that Allstate seeks to dismiss pursuant to Rule 12(b)(6) is the claim for negligent misrepresentation. In the instant case, Mr. Barnett claims that Allstate made a negligent misrepresentation because the insurance policy that he purchased from Allstate stated that "Allstate would defend and indemnify [him] for bodily injury caused by" an accident, but Allstate has refused to do so. SACC ¶ 51.

The problem for Mr. Barnett is that, in spite of this allegation, Allstate has never said that it would not provide coverage for an accident. Indeed, the point of this coverage action is to determine whether or not Mr. Barnett's shooting of Mr. Alexander was an accident.

Mr. Barnett contends that a misrepresentation has been made because the term "accident" is inclusive of acts of negligence and, during this litigation, Allstate has denied that it provides coverage for negligence – *i.e.*, as part of a response to a request for admission. This argument is problematic for several reasons.

First, Mr. Barnett has not properly characterized Allstate's response to the request for

1  admission. In the response, Allstate simply denied that its policy "purports to provide coverage 'to
2  protect its insured against its insured's own negligence.'" SACC at 19. This statement is true. As
3  even Mr. Barnett admits, the policy refers to coverage for accidents, not coverage for negligence.

4  Second, Mr. Barnett's attempt to equate negligence with an accident is not persuasive. In
5  support of this position, Mr. Barnett cites a statement by the California Supreme Court in *Safeco*
6  *Insurance Co. of America v. Robert S.*, 26 Cal. 4th 758 (2001). There, the court noted: "[T]he term
7  'accident' is more comprehensive than the term 'negligence' and thus includes negligence." *Id.* at
8  765 (citing Black's Law Dictionary).

9  But, as Allstate points out, the statement above is *dicta* because, in *Safeco*, the California
10 Supreme Court was not considering the meaning of the term "accident" as part of an insurance
11 policy's coverage provision. Rather, it was considering the meaning of the phrase "illegal act"
12 which was part of an insurance policy's exclusionary clauses. The context for the above statement
13 must be considered. In *Safeco*, the California Supreme Court rejected the appellate court's
14 construction of the term "illegal" as meaning violation of any law, whether civil or criminal, because
15 such a construction would be "so broad as to render the policy's liability coverage practically
16 meaningless." *Id.* at 764. It was in this context that the California Supreme Court noted as follows:

> For instance, a violation of "any law" would include the law governing negligence, which holds individuals responsible for the failure to exercise ordinary care resulting in injury to another. The duty to exercise ordinary care is imposed by law. A violation of that duty is therefore *a violation of law*. Broadly construed, a violation of *any* law, whether civil or criminal, is an illegal act. An insured's negligent act, being a violation of law, and therefore *an illegal act*, would thus not be covered under Safeco's policy excluding coverage for an insured's illegal acts.
>
> But the homeowners policy that the insureds here bought from Safeco expressly provided that Safeco would defend and indemnify them for bodily injury caused by "an occurrence," which the policy defines as "an accident . . . which results, during the policy period, in bodily injury or property damage." Because the term "accident" is more comprehensive than the term "negligence" and thus includes negligence, Safeco's homeowners policy promised coverage for liability resulting from the insured's negligent acts. That promise would be rendered illusory if, as discussed above, we were to construe the phrase "illegal act," as contained in the policy's exclusionary clause, to mean violation of any law, whether criminal or civil.

28 *Id.* at 764-65 (emphasis in original).

3

1    Because the statement in *Safeco* is *dicta* and has been taken out of context by Mr. Barnett, it
2    provides no support for his position.  Furthermore, the cases cited by Allstate in its reply brief
3    demonstrate that "merely characterizing an act as 'negligent' does not make it potentially covered as
4    an 'accidental' event."  Reply at 4.  *See, e.g.*, *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1365
5    (9th Cir. 1991) (stating that "the assertion of a negligence claim in the underlying suit would not
6    alter the fundamental nature of [the claimant's] claims," which "cannot be described as
7    'accidental'").

8    Third, regardless of the meaning of the terms "accident" and "negligence," the bottom line,
9    as indicated above, is that this case is not about negligence.  Allstate has never taken the position
10   that, if Mr. Barnett did not intend to shoot Mr. Alexander, then there still is no coverage because Mr.
11   Barnett's conduct amounted to negligence.  At the hearing, counsel for Allstate expressly
12   acknowledged that, if a jury determines that Mr. Barnett did not intend to shoot Mr. Alexander, then
13   Allstate will not try to deny coverage on the basis that Mr. Barnett's conduct was negligent; rather, it
14   will provide coverage.  Thus, any alleged misrepresentation by Allstate in its policy regarding
15   negligence is immaterial to this case and has resulted in no harm to Mr. Barnett.

16   As a final point, the Court notes that, even if it were to view Allstate's response to the
17   request for admission as a denial that it covers even accidents, the response says nothing about
18   whether or not Allstate had this belief (*i.e.*, that it would not cover accidents) at the time that Mr.
19   Barnett purchased the insurance policy.  Without that key allegation, Mr. Barnett's dispute with
20   Allstate is simply a matter of alleged breach of contract.

21   Accordingly, the Court dismisses the claim for negligent misrepresentation with prejudice.

22   3.   Section 17200

23   The second claim that Allstate seeks to dismiss is the claim for violation of § 17200.  Section
24   17200 prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof.
25   Code § 17200. In the instant case, Mr. Barnett asserts that Allstate has engaged in a fraudulent sales
26   practice because, even though it advertises on its website that liability insurance "'typically even
27   covers injuries whether they happen on or away from your proper . . . in the event that you or anyone
28   in your household is accused of accidentally causing injury,'" SACC at 20, Allstate still denied him

4

benefits under his homeowners insurance policy for an accident. Mr. Barnett seeks as relief a return of the premiums he paid Allstate and also an injunction barring Allstate from continuing to claim its insurance policies cover negligence. *See id.* at 20-21.

To the extent Mr. Barnett seeks the above injunctive relief, this Court has already held that the claim is barred because Mr. Barnett has an adequate remedy at law. *See* Docket No. 95 (Order at 12-13). The Court also notes that Mr. Barnett's attempt to move for a preliminary injunction in his opposition brief is procedurally improper not to mention substantively meritless given his failure to analyze the relevant factors. *See* Opp'n at 6.

To the extent Mr. Barnett seeks restitution, *i.e.*, a return of the premiums, the § 17200 claim still fails. "[S]imilar to the claim for negligent misrepresentation, Mr. Barnett has not clearly alleged that Allstate made the statement that it would provide insurance coverage for accidents with knowledge of the falsity of the statement." Docket No. 95 (Order at 13).

Accordingly, the Court dismisses the § 17200 claim for failure to state a claim for relief. As above, the dismissal is with prejudice.

B.   Motion to Strike

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks omitted), *overruled on other grounds*, 510 U.S. 517 (1994). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id.* (citation and internal quotation marks omitted).

In the instant case, Allstate asks the Court to strike from the SACC allegations related to Allstate's filing or handling of this coverage action. In support of this argument, Allstate relies on the Court's order of June 15, 2011, in which it rejected Mr. Barnett's position that Allstate had acted in bad faith based on the mere filing of the coverage action. *See* Docket No. 95 (Order at 6-7). In response, Mr. Barnett claims the allegations are related to every cause of action pled in the SACC and therefore should not be stricken. Mr. Barnett also posits that it would be "more appropriate

perhaps" for the Court to consider Allstate's argument as part of a motion in limine for trial. Opp'n at 4.

The Court does not see the need to defer the issue. Either the allegations are relevant to the claims that have survived dismissal or they are not. Even construing the allegations in the light most favorable to Mr. Barnett, *see RDF Media Ltd. v. Fox Broad Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005), the Court finds the majority of them immaterial and therefore they are appropriately stricken.

For example, in paragraph 42 of the SACC, Mr. Barnett alleges as follows:

> Allstate knew it owed liability coverage to Barnett. Nevertheless, Allstate only agreed to provide coverage under a reservation of rights and has refused in that regard to assist in settling the third party claim so that Barnett would have to settle the claim on his own. Allstate undertook it's [sic] course of action out of a desire to avoid it's [sic] obligations under it's [sic] insurance policy with Barnett knowing that the third party, Alexander, and his lawyer would demand a larger settlement amount in the underlying matter because of Allstate's actions alleged herein.

SACC ¶ 42. This allegation clearly has no relevance to the bad faith claim precisely because of the Court's ruling on which Allstate relies. The Court previously held:

> The Court rejects Mr. Barnett's position that coverage was in fact clear. In denying Allstate's motion for summary judgment, the Court noted that there was a genuine dispute of material fact as to whether Mr. Barnett intended to shoot Mr. Alexander. Indeed, it was a close call whether there was sufficient evidence to create a [disputed] issue of act which prevented judgment as a matter of law for Allstate. While not entitled to summary judgment, Allstate had a substantial basis for bringing the declaratory relief action and filing the motion for summary judgment.

Docket No. 95 (Order at 7).

Nor does the allegation have any relevance to the claim for breach of contract, where Mr. Barnett simply contends that Allstate breached by (1) delaying in agreeing to defend him; (2) failing to defend him by not paying all of his independent counsel's fees, and (3) effectively compelling him to pay out-of-pocket some of his defense costs. *See id.* (Order at 4).

Finally, to the extent Mr. Barnett argues that the allegation is relevant to his claim for intentional infliction of emotional distress (in fact, that is where the allegation is pled), the allegation cannot stand because it is in conflict with the Court's holding above.

The remaining allegations identified by Allstate are also immaterial for largely the same reasons – *i.e.*, they are based on a criticism of Allstate's filing of the coverage action. There are only three allegations that are deserving of additional comment.

Two of the allegations relate to Allstate's attorney claiming a conflict of interest on the part of Mr. Barnett's attorney. *See* Mot. at 2 (citing SACC at 11). To the extent Mr. Barnett argues the allegations are relevant to the bad faith, the Court disagrees. In his papers, he has never framed the bad faith claim as resting in any way on these allegations. *See, e.g.*, Docket No. 95 (Order at 6) (discussing theories underlying bad faith claim). Even if he had, the bad faith claim would be extremely weak given that Mr. Barnett does not appear to have suffered any harm as a result of Allstate's claiming a conflict of interest. Similarly, Mr. Barnett has never framed his claim for intentional infliction of emotional distress as resting on these allegations, nor has he been damaged as a result of Allstate's alleged actions.

The final allegation is that which states, "[i]n a letter dated 1-14-10 Allstate's attorney advised that Allstate was suing Barnett in Federal Court for declaratory relief." SACC at 9. In contrast to the other allegations identified by Allstate, this allegation is not obviously immaterial. Moreover, the Court cannot say whether Mr. Barnett may have a need to reference the date on which Allstate decided to initiate this coverage action. Accordingly, for this allegation alone, the Court shall not grant Allstate's motion to strike.

As a final point, the Court notes that, as to those allegations that it is striking, it is not thereby ruling as an evidentiary matter that the letters referenced in the allegations are therefore inadmissible. The Court is not in a position to say whether there is additional content in those letters that may be probative with respect to the claims proceeding to trial (assuming that the letters qualify as nonhearsay or as an exception to the hearsay rule). In this respect only, the Court agrees with Mr. Barnett that there may be a need for a motion(s) in limine. The Court emphasizes, however, that, to the extent the letters contain statements about the alleged impropriety of Allstate's decision to file the coverage action, that information would be excluded as irrelevant and/or unduly prejudicial for purposes of Federal Rule of Evidence 403.

## II. MR. STOREY'S MOTION TO DISMISS

In his counterclaims, Mr. Barnett asserts only one claim against Mr. Storey, namely a claim for negligence. According to Mr. Barnett, Mr. Storey acted negligently based on the following actions: (1) Mr. Storey is a licensed insurance agent; (2) he procures insurance solely through Allstate; (3) he advertised that insurance could provide coverage if a person accidentally caused injury; (4) the Allstate insurance policy he sold to Mr. Barnett stated that it covered accidents; and (5) Mr. Storey failed to advise that this was actually untrue – *i.e.*, that Allstate would not cover accidents, which includes negligence. *See* SACC ¶ 56. In short, Mr. Barnett's position is that Mr. Storey was negligent because he breached his duty to use reasonable skill and professionalism in correctly securing and maintaining the coverage requested. *See* SACC ¶ 56.

To the extent Mr. Barnett rests his negligence claim on the theory that negligence may be equated with accidents, his claim is meritless for reasons similar to those stated above – *e.g.*, *Safeco* does not support the claim.

Furthermore, even assuming, for purposes of this opinion, that the term "accident" is inclusive of negligence, the Court still concludes that Mr. Barnett has failed to state a claim for relief because he has not alleged any facts indicating that, even though the policy on its face indicated that Allstate would cover accidents/negligence, Mr. Storey knew or should have known that Allstate in fact would not. The Court acknowledges that, in the SACC, Mr. Barnett has pled that Mr. Storey procures insurance solely from Allstate. *See* SACC ¶ 56. While this allegation makes it possible that Mr. Storey was knowledgeable about Allstate's practices, including whether Allstate ever followed through on its promise to cover accidents/negligence, a mere possibility is not enough to survive a motion to dismiss. Under *Iqbal* and *Twombly*, plausibility is required, and that allegation is insufficient on its own to give rise to an inference that Mr. Storey must have known or should have known that Allstate would not actually provide coverage in spite of what its policy stated on its face.

Finally, even if Mr. Storey did act negligently, in the end, Mr. Barnett has failed to show that he was harmed as a result because, as noted above, Allstate has never taken the position that, should

8

the jury find he did not intend to shoot Mr. Alexander, it would still deny coverage because his conduct amounted to negligence.

The Court thus dismisses the negligence claim against Mr. Storey with prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court grants Allstate's motion to dismiss and grants in part and denies in part its motion to strike. The Court further grants Mr. Storey's motion to dismiss.

This order disposes of Docket Nos. 100 and 102.

IT IS SO ORDERED.

Dated: September 7, 2011

_____
EDWARD M. CHEN
United States District Judge