United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | No. C-10-0077 EMC |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S SUPPLEMENTAL WITNESS LIST** |
| RICHARD BARNETT, *et al.*, | **(Docket No. 165)** |
| Defendants. | |
| _____/ | |

On November 14, 2011, Allstate filed a supplemental witness list, in which it identified five additional witnesses. Four of these witnesses (Chris Kelley, David Pearson, Debra Rivas, and Lyle McGaughey) are neighbors of Mr. Barnett, each of whom would testify that they heard three gunshots, except for Mr. Kelley who would testify that he heard two to three gunshots. The last witness is Officer Wayne Hanson, who would testify that he recovered two live bullets from the cylinder of Mr. Barnett's weapon and found three shell casings in the cylinder. Mr. Barnett has objected to each witness because none was identified in Allstate's disclosures, none was identified until far beyond the discovery cut-off, none was identified until after the final pretrial conference, and none has been deposed. In response, Allstate argues that the witnesses should be allowed to testify because, even though their identities were contained in police reports, Mr. Barnett did not produce those reports until after discovery had already closed; moreover, Mr. Barnett did not supplement his initial disclosures to identify them as witnesses he would call at trial which would have allowed Allstate to ask for a reopening of discovery.

The Court hereby rules as follows.

(1) Mr. Barnett's objection to the neighbor witnesses is **SUSTAINED** in part and **OVERRULED** in part. The Court shall not allow the neighbor witnesses to provide substantive testimony as a part of Allstate's case-in-chief. Even though Mr. Barnett may not have produced the police reports until after the close of discovery, nothing barred Allstate from obtaining copies of those reports before the discovery cut-off. Moreover, Allstate has known, basically since the outset of this case, that Mr. Barnett contends he fired only two bullets from his weapon, with both bullet casings being recovered from the engine compartment of Mr. Alexander's car. Thus, once Mr. Barnett provided the police reports, which identified at least the Bishops as saying they heard only two gunshots, Allstate had an incentive to talk to other neighbors of Mr. Barnett.

The Court, however, shall allow the neighbor witnesses to testify solely for purposes of impeachment (*e.g.*, if Mr. Barnett testifies that he fired his gun only twice or if the Bishops testify that they heard only two gunshots). See 4-608 Weinstein's Fed. Evid. § 608.20[3][a] (noting that Federal Rule of Evidence 608(b) bars only extrinsic evidence of impeachment where impeachment is by character evidence and not by contradiction). Under Federal Rule of Civil Procedure 26(a)(3), pretrial disclosures of witnesses must be made under the timeline ordered by the Court *unless* offered solely for impeachment. Moreover, it is fair for Allstate to offer the evidence for purposes of impeachment given that Mr. Barnett should have identified the Bishops as witnesses prior to the final pretrial conference. Finally, given the very limited nature of the neighbor witnesses' testimony, Mr. Barnett will still be able to present an adequate defense within the eight hours allocated by the Court.

///
///
///
///
///
///
///

2

(2) Mr. Barnett's objection to Officer Wayne Hanson is **OVERRULED**. Mr. Barnett has already identified Officer Hanson as one of the officers who conducted an investigation into the shooting incident. Under these circumstances, Officer Hanson's testimony would not be unduly prejudicial to Mr. Barnett in spite of the late identification by Allstate.

IT IS SO ORDERED.

Dated: November 16, 2011

_____
EDWARD M. CHEN
United States District Judge