UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | No. C-10-0077 EMC |
| Plaintiff, | |
| v. | **ORDER RE CONTEMPT** |
| RICHARD BARNETT, *et al.*, | **(Docket Nos. 162, 176)** |
| Defendants. | |
| _____/ | |

Previously, the Court ordered Randy S. Perlman, counsel for Defendant Randy S. Perlman, to show cause why he should not be held in criminal contempt[1] for failure to comply with the Court's orders requiring a personal appearance at the final pretrial conference. *See* Docket No. 162 (order). Mr. Perlman filed a response on November 18, 2011. *See* Docket No. 176 (declaration). Having considered that response, the Court hereby finds that Mr. Perlman has failed to show cause why he should not be held in criminal contempt.

The fact that Mr. Barnett may not have funds to pay Mr. Perlman does not mean that Mr. Perlman himself does not have funds to make a personal appearance. The Court appreciates that Mr. Perlman is representing Mr. Barnett pro bono. But when an attorney agrees to pro bono representation, whether at the inception of the case or at some point midstream, he or she must

---

[1] "The primary difference between civil and criminal contempt is the intended effect of the court's order. A civil contempt order is conditional, designed to enforce the court's decree or to compensate for losses caused by noncompliance; criminal contempt is unconditional, designed to punish, vindicate the court's authority, and deter others." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 785 (9th Cir. 1983).

reasonably expect to incur some costs for which he or she will not be paid. Furthermore, it is highly unlikely that Mr. Perlman's attendance at one conference would be so cost prohibitive that it would put his practice in financial jeopardy. Indeed, at that point in the proceedings, Mr. Perlman was expecting to litigate a five-day trial in San Francisco.

To the extent Mr. Perlman points out that the Court has, on prior occasions, allowed him to make telephonic appearances, that is true. The Court has on multiple occasions permitted Mr. Perlman to appearance telephonically. But that very fact should have underscored to Mr. Perlman that the Court did not take lightly a ruling that a personal appearance was necessary for the final pretrial conference. The Court deemed a personal appearance necessary because a final pretrial conference is a critical hearing -- one that shapes how the trial is to proceed, because there were complex issues to be discussed at the hearing, and because Mr. Perlman had on behalf of his client filed a motion to continue the trial basically on the eve of the trial. Requiring a personal appearance in light of these circumstances was appropriate.

Accordingly, the Court concludes that Mr. Perlman's failure to make a personal appearance at the final pretrial conference, as required by multiple orders of the Court, is conduct warranting sanctions. Mr. Perlman is deemed in contempt of Court for his failure to comply with the Court's orders and shall be required to pay a fine of $500 to the Clerk of the Court. The Court, however, shall suspend imposition of the $500 fine pending further order of the Court.

IT IS SO ORDERED.

Dated: January 30, 2012

_____
EDWARD M. CHEN
United States District Judge

2